BARRY J. PORTMAN
Federal Public Defender
DANIEL P. BLANK
Assistant Federal Public Defender
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant ALLEN

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,               )<br>                                        )<br>              Plaintiff,                )<br>                                        )<br>        v.                              )<br>                                        )<br>DONTAE L. ALLEN,                         )<br>                                        )<br>              Defendant.                )<br>_____) | No. CR 08-0393 WHA<br><br>STATUS CONFERENCE<br>MEMORANDUM<br><br>Honorable William H. Alsup<br>Friday, July 25, 2008<br>1:15 p.m. |

**STATUS CONFERENCE MEMORANDUM**

At the initial appearance in the above-captioned matter on July 22, 2008, Defendant Dontae Allen expressed his interest in pleading guilty as soon as possible to the violation of 18 U.S.C. § 922(g)(1) charged in the two-count indictment, and submitted a signed application to plead guilty to that effect. After the government indicated that it had no objection to Mr. Allen entering a guilty plea, the Court began to advise Mr. Allen of his rights. However, due to the shortness of time available that day, and the development of a legal question regarding the maximum penalty faced by Mr. Allen, the Court specially set the matter for change of plea on July 25, 2008. In preparation for the hearing on July 25, 2008, Mr. Allen respectfully submits this status conference memorandum.

The indictment against Mr. Allen contains two counts, each charging unlawful possession of a firearm or ammunition by a felony in violation of 18 U.S.C. § 922(g). Count one charges unlawful possession of a firearm. Count two charges unlawful possession of the ammunition contained in the firearm. Unless a defendant qualifies as an armed career criminal, which Mr. Allen does not, a violation of § 922(g) carries a maximum penalty of 10 years imprisonment.

Ordinarily, if a defendant is convicted on two or more separate counts, the maximum penalties for those counts "stack" so that a defendant convicted of two count each carrying a maximum penalty of up to ten years may actually be sentenced up to twenty years. However, the Ninth Circuit in *United States v. Keen* unequivocally held that where a defendant is charged with multiple counts under 18 U.S.C. § 922(g) relating to a firearm and the ammunition within that firearm, that defendant cannot be convicted and sentenced for more than one count without violating the rule against multiplicity. *See* 104 F.3d 1111, 1118-20 (9th Cir. 1997) (reversing and remanding because the Double Jeopardy Clause is violated when the government "seeks to convict and sentence" a defendant for more than one violation 18 U.S.C. § 922(g) based upon a firearm and the ammunition contained therein). For this reason, the plea application completed by Mr. Allen reflects his understanding that the maximum penalty that he faces for both counts charged in the indictment is a total of ten years imprisonment.

STATUS CONFERENCE MEMORANDUM           - 1 -

An indictment violates the rule against "multiplicity" when it charges a single offense in more than one count. *See, e.g., United States v. UCO Oil Co.,* 546 F.2d 833, 835 (9th Cir. 1976). The rationale behind the rule is that an indictment that divides an act into several criminal charges allows multiple punishment for what is in essence only a single act contrary to legislative intent. *See, e.g., United States v. Carter,* 576 F.2d 1061, 1064 (3d Cir. 1978). Multiplicitous indictments also create a psychological effect on a jury by suggesting that the alleged criminal activity is of greater scope and gravity than it actually is. *See id.; see also* Wright, *Federal Practice and Procedure,* Criminal 2d § 142, at 475 (2d ed. 1982 & Supp. 1994).

Specifically, the Ninth Circuit in *Keen* recognized: "When a single act or transaction is alleged to have resulted in multiple violations of the same statutory provision, the Supreme Court has stated that the proper inquiry involves the determination of '[w]hat Congress has made the allowable unit of prosecution.'" 104 F.3d at 1118 (quoting *United States v. Universal C.I.T. Credit Corp.,* 344 U.S. 218, 221 (1952)); *see also Sanabria v. United States,* 437 U.S. 54, 70 n.24 (1978) ("Because only a single violation of a single statute is at issue here, we do not analyze this case under the so-called 'same evidence' test, which is frequently used to determine whether a single transaction may give rise to separate prosecutions, convictions, and/or punishments under separate statutes.").

Applying this test, the Ninth Circuit held in *Keen* that Congress did not intend for the simultaneous possession of a firearm and ammunition to constitute separate units of prosecution under 18 U.S.C. § 922(g)(1). *See id.* at 1119-20. The court in *Keen* began by noting that the Supreme Court in *Bell v. United States* had "invalidated the imposition of separate sentences where the defendant had pleaded guilty to two counts of violating the Mann Act, 18 U.S.C. § 2421 (criminalizing the transportation in interstate commerce of any woman for the purpose of prostitution), each count referring to a different woman." *Id.* at 1118 (citing *Bell v. United States,* 349 U.S. 81 (1955)). The defendant in *Bell* had transported the two women in the same trip and in the same vehicle and he argued that the statute and legislative history were not specific enough to permit the assumption that Congress intended to authorize multiple punishments. *See id.*

STATUS CONFERENCE MEMORANDUM             - 2 -

Although the Supreme Court in *Bell* conceded that a reasonable construction of the statute would permit multiple punishments, the Ninth Circuit in *Keen* noted that it nevertheless concluded that in the absence of express direction from Congress, reasonably contemporaneous violations of the same statute must be considered to be a single offense:

> When Congress has the will it has no difficulty in expressing it--when it has the will, that is, of defining what it desires to make the unit of prosecution and, more particularly, to make each stick in a faggot a single criminal unit.  Congress leaves to the Judiciary the task of imputing to Congress an undeclared will, the ambiguity should be resolved in favor of lenity.  And this not out of sentimental consideration, or for want of sympathy with the purpose of Congress in proscribing evil or anti-social conduct.  It may fairly be said to be a presupposition of our law to resolve doubt doubts in the enforcement of a penal code against the imposition of a harsher punishment.

*Id.* at 1118-19 (quoting *Bell,* 349 U.S. at 83).  Finding no such direction from Congress with respect to 18 U.S.C. § 922, the *Keen* court held that the offenses of being a felon in possession of a firearm and a felon in possession of ammunition were not intended to authorize multiple punishment for reasonably contemporaneous possession of both a firearm and ammunition by a felon.  *Id.* at 1119-20.  The Ninth Circuit reversed and remanded with instruction that the government may only seek to convict and sentence him for one violation of § 922.  *See id.* at 1120.  Thus, the Ninth Circuit has unequivocally held that an indictment violates the rule against multiplicity where as here it charges in separate counts unlawful possession by a felon of a firearm and unlawful possession by a felony of the ammunition simultaneously contained in that firearm.

In this case, Mr. Allen has advised government counsel and the Court that he is prepared to plead guilty to the single offense charged in the two counts of the indictment against him and is prepared to admit as part of the factual basis of his plea that he possessed both the firearm charged in Count One and the ammunition from that firearm charged in Count Two.  However, in light of the authority discussed above, the Court cannot lawfully adjudge Mr. Allen guilty on both counts.  Ordinarily, in the event of an indictment like the one against Mr. Allen that violates the rule against multiplicity, the government elects to proceed on one such count and move that the Court dismiss the other count.  *See, e.g., United States v. Aguilar,* 756 F.2d 1418, 1423 (9th Cir. 1985) ("Election is

STATUS CONFERENCE MEMORANDUM                   - 3 -

1  explicitly approved as a remedy for multiplicity."). Nevertheless, even if the government does not in
2  this case indicate a preference as to a particular count, the Court may still only accept Mr. Allen's
3  proffered guilty plea as to one of the counts without violating the Double Jeopardy Clause.
4      Along these lines, Mr. Allen respectfully suggests that, at the hearing on July 25, the Court
5  conduct a full plea colloquy as to both counts and then before accepting the plea direct the
6  government to elect the count upon which it would like to proceed. In the alternative, the Court
7  could itself elect the count upon which it will adjudge Mr. Allen guilty. The Court could either do so
8  at the plea hearing on July 25, or the Court could take the matter under advisement and make the
9  necessary election at the time of sentencing.
10 Dated: July 22, 2008

Respectfully submitted,

BARRY J. PORTMAN
Federal Public Defender

/s/

DANIEL P. BLANK
Assistant Federal Public Defender

STATUS CONFERENCE MEMORANDUM     - 4 -